UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GINA A. PIZZANO,
Personal Representative,
          Plaintiff,

v.                                                                        CIVIL ACTION NO. 22-11878-DJC

RONNIE C. PIZZANO, Executor
DIANE C. GREER, Psychiatrist, and
RICHARD LIMA, Auto Mechanic/Self employed,
          Defendants.

### ORDER

CASPER, J.                                                                              December 8, 2022

    1.    Plaintiff Gina A Pizzano's ("Pizzano") motion to proceed *in forma pauperis* (D. 2) is **DENIED** without prejudice  See 28 U.S.C. § 1915(a)(1).  Pizzano claims on an outdated AO 240 form that she is indigent, but claims some employment and receives disability payments.  She lists no expenses.  In the absence of a complete picture of her income, assets, and expenses, the Court cannot determine whether she is eligible to proceed *in forma pauperis*.  Accordingly, Pizzano shall by **January 5, 2023** either: (1) pay the $402 filing fee and administrative fee; or (2) file a renewed motion for leave to proceed *in forma pauperis*, or this action will be dismissed.  The Clerk is directed to provide a current Form AO 240 for Pizzano's use.

    2.    Pizzano's November 21, 2022 letter (D. 5) is construed as a motion to recuse.  Both this letter, D. 5, and her motion to recuse, D. 6, are **DENIED**.

    3.    Pizzano's amended complaint (D. 4) is unsigned and will be stricken if a signed version of the amended complaint is not filed by December 23, 2022. Fed. R. Civ. P. 11(a) (providing that "[t]he court must strike an unsigned paper unless the omission is promptly

corrected after being called to the attorney's or party's attention."); F.H. Cann & Assocs., Inc. v. Moorman, No. CV 20-11251-DPW, 2022 WL 1652235, at *3 (D. Mass. May 24, 2022) (same).

The Court takes no position on the sufficiency of the amended complaint, but notes the following to the extent that the complaint that the complaint was drafted or written by someone other than Pizzano. While Pizzano certainly is not prohibited from having assistance from others, but any non-attorney cannot represent her in this action. See Local Rule 83.5.5(b) (providing that "[a]n individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf"). To the extent that Pizzano signs and presents documents drafted by others to this Court, they become her representations to the Court, and subject to her obligations under Rule 11 of the Federal Rules of Civil Procedure. Specifically, pursuant to Fed. R. Civ. P. 11(b), "by presenting to the court a pleading, written motion or other paper. . . an unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims . . . and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law…[and]…(3) the factual contentions have evidentiary support or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…" Failure to comply with Rule 11 will likely result in sanctions. Id.

Pizzano is not required to file the amended complaint in its current form. She may withdraw the amended complaint, sign and file the amended complaint, or sign and file an entirely new amended complaint. Any amended complaint is the entire operative document that supersedes

2

the original complaint. However Pizzano proceeds, she must be mindful to ensure that any document she signs and presents to this Court complies with Rule 11.

**SO ORDERED.**

      /s/ Denise J. Casper
UNITED STATES DISTRICT JUDGE